## Hare & Chase's Petition.

*Liquor law—Confiscation of vehicle transporting intoxicating liquors in leased automobile—Act of March 27, 1923.*

The bailor of a leased automobile seized while unlawfully transporting intoxicating liquors is not entitled to a return of the vehicle upon proof that such unlawful use was without his knowledge or consent, but his remedy is under the Act of March 27, 1923, P. L. 34, which provides for compensation for such loss by giving the bailor a lien upon the funds derived from the sale of the automobile for the money due him under his bailment when the vehicle is sold by the sheriff pursuant to an order of the court directing such sale.

Petition for return of automobile. Q. S. Westmoreland Co., Nov. Sess., 1923, No. 155.

*Alex. McConnell,* for petitioner; *Nevin A. Cort,* District Attorney, contra.

WHITTEN, J., Jan. 12, 1924.—The petition of Hare & Chase, Inc., avers that on Oct. 8, 1923, a certain automobile, viz., an Essex coach, 1923 model, motor No. 130033, then licensed in the name of Charles Krause, was seized by the State police and is now detained by the district attorney of the county under the provisions of the Act of March 27, 1923, P. L. 34, known as Act No. 25.

The petitioner avers it is the owner of said automobile, and that on Aug. 10, 1923, its assignor leased the same to said Charles Krause by virtue of a certain lease or bailment, a copy of the lease or bailment being attached to the petition; that when the said automobile was seized by the State police, the said Charles Krause had possession of said automobile by virtue of the said lease or bailment; and that the petitioner had no knowledge of the fact that said automobile was being used for any unlawful purpose.

The prayer of the petition is that the court order the return of said automobile to the petitioner.

The district attorney, in his answer to the said petition, admits all the material facts set out in paragraphs 1, 2, 3, 4 and 5 of said petition.

It appears by the records of this court at No. 155, November Term, 1923, that on Oct. 8, 1923, the said Charles Krause was arrested while unlawfully transporting intoxicating liquor in the said automobile, and that on Nov. 10, 1923, the said Charles Krause was adjudged guilty of the above offence.

There is here no dispute about any material facts. However, there arises out of the admitted facts a question of law, viz., whether the court has authority to make an order directing the district attorney to deliver said automobile to the petitioner.

It appears by the copy of the "lease agreement" attached to the petition that the instrument is a bailment. The total rent reserved is $1358, of which

amount $453.20 was paid upon the execution of the bailment. Said "lease agreement" further provides that at the end of the term of the bailment, if the bailee has performed all the conditions thereof, he may elect to become the owner of the said automobile by paying the bailor the further sum of $1.

There is no averment that on or prior to Oct. 8, 1923, the bailee had failed in the payment of any rental, or had violated any of the terms of the bailment, or that the bailor or its assignee (the petitioner) had asserted any violation by the bailee of the terms of the bailment, or that the petitioner had asserted its right to reclaim the said automobile.

In a case like the one now before the court, it seems clear that the right of a bailor to a return of the vehicle seized should be adjudicated as of the date of the seizure of such vehicle.

The said Act of March 27, 1923, provides, *inter alia*, as follows: "Upon the transportation of intoxicating liquor in violation of this act, the wagon, buggy, team, motor-vehicle, water or aircraft, or other vehicle or receptacle in which it is so transported, shall be forfeited to the Commonwealth, subject to the provisions herein set forth:" Section 11 *(A)*.

Also the following: "Upon conviction of any person of a violation of this act, . . . any vehicle, team, conveyance or craft seized under the provisions of this act shall be disposed of as hereinafter provided:" Section 11 *(B-i)*.

Also the following: "In the case of any vehicle . . . seized under the provisions of this act and condemned as aforesaid, the court shall order a public sale thereof by the sheriff of the county. . . . In the event that any such vehicle . . . is, when so seized, held and possessed under a bailment, lease or contract, and the legal title thereof is in another person, who shall prove that the unlawful use for which the same was seized was without his knowledge or consent, then the claim of the bailor for money due under said bailment or contract shall attach to and be paid out of the funds derived from said sale after the payment of costs:" Section 11 *(B-iii)*.

Thus, the statute expressly stipulates that the remedy of the petitioner (bailor) in this case is not to have the vehicle returned to him, but that if he (the bailor) "shall prove that the unlawful use for which the same was seized was without his knowledge or consent," his compensation for the loss of such offending vehicle is a lien upon the funds derived from a sale thereof for the money due him under said bailment, when such vehicle is sold by the sheriff pursuant to an order of the court directing such sale.

The learned counsel for the petitioner, citing section 11 *(B-vi)* of said statute, contends that the petitioner is entitled to a return of the vehicle upon proof that such unlawful use thereof was without his knowledge or consent.

Manifestly, the above clause of the statute is applicable to a vehicle stolen from the owner thereof, and to numerous other situations which we are not now required to enumerate; but it is not applicable to a vehicle where, as here, the violator of the law was in possession thereof by virtue of a bailment at the time he, the bailee, was using it to violate the law.

The construction of the statute which we have adopted renders the provisions of section 11 *(B-iii)* and section 11 *(B-vi)* harmonious.

If the petitioner's construction of the statute be correct, the provision in section 11 *(B-iii)*, relative to the rights of an innocent bailor or lessor of a vehicle, would be a nullity.

"In construing a statute, the legislative intent is to be determined from a general view of the whole act. . . . It is a cardinal rule in the construction of statutes that effect is to be given, if possible, to every word, clause and sentence. It is the duty of the court, so far as practicable, to reconcile the

different provisions so as to make them consistent and harmonious and to give a sensible and intelligent effect to each. In the consideration of conflicting provisions in a statute, the great object to be kept in view is to ascertain the legislative intent, and all particular rules for the construction of such provisions must be regarded as subservient to this end:" 36 Cyc., 1128.

Manifestly, the legislature, in the enactment of this statute, intended to circumvent all devices and contrivances which might be invented to defeat its purpose. If the bailor of a vehicle which is seized while it is being used in unlawfully transporting intoxicating liquor can recover such vehicle without suffering the penalty prescribed by the statute, one of the obvious purposes of this statute would be nullified.

On the other hand, if, after the sale of the vehicle by the sheriff, the petitioner is entitled to receive out of the funds derived from such sale all money due him under such bailment lease, provided he shall prove that the unlawful use for which the same was seized was without his knowledge or consent, his rights are reasonably protected.

The construction of the statute which we have adopted harmonizes its various provisions, gives effect to each, and makes the statute, as a whole, reasonable and plain.

And now, Jan. 12, 1924, after argument by counsel and upon due consideration, the prayer of the petition filed in this case is refused.

From William S. Rial, Greensburg, Pa.